[No. 14744.   Department One.   July 16, 1918.]

RICHARD RINNE, *Appellant*, v. WILLIAM J. WILSON *et al., Respondents*.[1]

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE.   The authority of an agent to deliver deeds for an exchange of property is sufficiently established where the principal's subsequent acts, if not amounting to a ratification, makes the proof, as a whole, conclusive.

EXCHANGE OF PROPERTIES—JUDGMENT — DECREE.   Upon sustaining an exchange of properties, and allowing defendant's claim for one-third of the crop taken from the land obtained by him, as per agreement, it is error to decree the same a lien upon the land conveyed to plaintiff, other than as the same becomes a lien upon entry of a money judgment therefor.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 17, 1917, upon findings in favor of the defendants, in an action for equitable relief, tried to the court.   Affirmed in part and reversed in part.

*W. W. Keyes*, for appellant.

*Ballinger, Battle, Hulbert & Shorts*, for respondents.

[1]Reported in 174 Pac. 16.

PARKER, J.—The plaintiff, Rinne, commenced this action in the superior court for King county, seeking a decree requiring the defendant Wilson to reconvey to him good title to a quarter section of land situated in the province of Alberta, Canada; and, in the alternative, for damages against all of the defendants in the sum of $5,000. The defendants resist the claims of the plaintiff, asserting that Wilson received conveyance of the Alberta land from Rinne in exchange for land conveyed by him to Rinne, situated in this state. The defendant Wilson, by his cross-complaint, seeks specific performance of the exchange contract in so far as it is unperformed by the plaintiff, Rinne, claiming that Rinne has failed to pay him the sum of $133.30, the proceeds of the crop produced upon the Alberta land, which Rinne collected after the exchange of the lands and which it was agreed should go with the Alberta land to Wilson, this being the only respect in which the exchange contract remains unperformed. The defendant Wilson also seeks to have this $133.30 decreed to be a lien upon the Washington land conveyed by him to Rinne, should Rinne fail to pay the same. Trial in the superior court for King county resulted in findings and judgment denying to the plaintiff the relief prayed for by him, and awarding recovery to Wilson of the $133.30 as prayed for by him. From this disposition of the cause, the plaintiff has appealed to this court.

Preliminary to stating the facts of the case, it may be well to state that the main controversy is as to the authority of the respondent Kessinger, as agent of Rinne, to make the exchange contract and deliver the deed of conveyance which was executed by Rinne to Wilson for the Alberta land.

On October 28, 1916, Rinne owned two quarter sections of land in the province of Alberta; one was in-

cumbered by a mortgage for $1,800, and the other was incumbered by a mortgage for $500. The latter was also under crop lease to one Foster, by the terms of which Rinne was to receive as rent one-third of the crop grown thereon. At the same time, Wilson owned, free from incumbrance, two forty-acre tracts of land in Kitsap county, in this state, one of which was improved and the other unimproved. Kessinger, a real estate agent, was then the agent of Rinne for the purpose of effecting a sale or exchange of his Alberta lands. He did not, however, then have any authority to sign or execute for Rinne any contract to convey the Alberta lands. On that day, Kessinger brought Wilson and Rinne together at Seattle, who signed a contract looking to the exchange of the Alberta and Washington lands, executing deeds of conveyance each to the other for his lands, and deposited them with Sewall & Powell, real estate agents of Seattle, pending the consummation of the contemplated exchange. This contract was, in form, a letter addressed to Sewall & Powell, signed by Wilson and Rinne, and contained, among other things, the following:

"We authorize you to hold these documents for a period of fifteen days from date, subject to the order of the said William J. Wilson, who shall have the said fifteen days to inspect the Alberta property. If Mr. Wilson finds the property satisfactory and notifies you to that effect, you are hereby authorized to deliver the warranty deed to Richard Rinne or his order and the Alberta transfers to William J. Wilson or order."

Wilson, having caused the Alberta lands to be examined by his agent there, concluded that he would not consummate the exchange, and notified all parties concerned accordingly, within the fifteen-day period named in the contract. This, it is conceded, put an end to the exchange contemplated by that contract, leaving each party without obligation thereunder. On

November 10, 1916, Rinne gave to Kessinger an order on Sewall & Powell for the deeds he had executed conveying his Alberta lands to Wilson. Kessinger, continuing his efforts, as agent for Rinne, to effect a sale or exchange of his Alberta lands or a part thereof, entered upon further negotiations with Wilson looking to Rinne exchanging with Wilson the Alberta quarter section incumbered by the $500 mortgage for the Washington improved forty-acre tract. These negotiations resulted in Wilson making a proposition to Kessinger, which Kessinger states in his testimony to have been as follows:

"The proposition was that he was to give us, that is, he would give Mr. Rinne, the improved forty acres over there, free and clear of incumbrances, and would assume a mortgage for $500 on the one hundred and sixty acres in Alberta, and interest and taxes if they didn't exceed $100, and he was to get the crop on the land."

Soon thereafter Kessinger reported to Rinne this proposition of Wilson's, as we think the evidence shows, so that Rinne plainly understood it. Rinne then directed Kessinger to go ahead and make the exchange with Wilson upon those terms. In the meantime, the deed of conveyance from Rinne to Wilson for the Alberta quarter section subject to the $500 mortgage had remained in the possession of Kessinger, as Rinne's agent, which lacked nothing to become effective save delivery. We think the evidence warrants the conclusion that Rinne left this deed with Kessinger to the end that he might deliver it in the consummation of this deal. Kessinger, being so authorized to proceed, thereafter, on November 13, 1916, as agent for Rinne, entered into a written contract with Wilson, in form a letter to Sewall & Powell, accompanied by this deed to the Alberta quarter-section subject to the $500 mortgage, and a deed from Wilson

to Rinne for the Washington unimproved forty-acre tract, which contract reads as follows:

"Seattle, Wash., Nov. 13, '16.

"Sewall & Powell,
    "108 Cherry St.,
        "Seattle, Wash.

"Dear Sirs: We herewith hand you transfer of title Richard Rinne to Wm. J. Wilson and John J. Mulvey to certain lands in the Province of Alberta and warrant deed, William J. Wilson to Richard Rinne, to certain lands in the state of Washington, this being the S. E. ¼ of S. W. ¼ sec. 32—twp. 23 range 1 (this is the improved 40 that was in former escrow).

"We authorize you to hold these documents for such time as will be necessary to secure abstracts of title and tax notices on the Alberta land.

"If interest on mortgage, taxes, etc., together with mortgage do not exceed $600, you are authorized to deliver deed to Washington land to Richard Rinne and transfer of title to Wm. J. Wilson covering Alberta land.                Yours very truly,
        "(Signed)  R. Rinne,
                "By H. P. Kessinger, Agent,
                "W. J. Wilson."

Thereafter title to the Alberta land appearing satisfactory to Wilson and he being satisfied that the mortgage debt against the land, with interest and taxes, did not exceed $600, at the instance of Wilson and Kessinger, as agent for Rinne, the deed to the Alberta land was delivered to Wilson and the deed to the Washington land was delivered to Kessinger, as the agent of Rinne. On November 15, 1916, Wilson by letter notified Foster, the lessee of the Alberta land, that he had purchased the land and succeeded to the right of Rinne as to the one-third of the crop of the land for that year. This brought an answer from Foster saying that he had sent to Rinne's agent $133.30, being the proceeds of one-third of the crop due as rent for that year. The evidence, we think, plainly calls for the con-

clusion that Rinne received through his agent this money from Foster. Thereafter, upon demand made by Wilson of Rinne for this money, Rinne did not refuse to pay the same or abide by the exchange as consummated, but requested that he be allowed further time to pay the same and promised to secure its payment by a mortgage upon the land he received in the exchange. This was assented to by Wilson, and a mortgage was prepared accordingly and given to Rinne for execution, which he took, evidently intending to sign and acknowledge it, which, however, was never done, and the $133.30 remains unpaid to Wilson. After the delivery of the deeds as above noticed, Rinne visited the Washington land which he received in the exchange, with a view, as we think the evidence shows, of locating its exact boundaries upon the ground, and having found them, expressed himself as well satisfied with the land, rather than asserting his intent to not abide by the exchange as consummated by his agent, Kessinger. Thereafter, shortly before the commencement of this action, sometime in December, 1916, Rinne first evidenced his intention to repudiate the exchange and not be bound thereby. These, we think, are the controlling facts.

This, we think, is one of those cases which call for but little argument touching the rights of the parties, when the facts are stated. While considerable of the argument is directed to the question of Kessinger's authority to enter into and sign the written contract, as agent of Rinne, with Wilson, the controversy resolves itself into the question of Kessinger's authority to deliver the deed executed by Rinne to Wilson for the Alberta land, upon the conditions named in the contract. It seems quite clear to us that, whatever may be said as to Kessinger's authority to enter into that

particular written contract and render it binding upon the parties as a contract within itself, it must be decided, in the light of all the facts, that Kessinger was authorized by Rinne to deliver the deed to Wilson upon the.conditions stated in that contract; and that the subsequent acts of Rinne, if not in themselves amounting to a ratification of the delivery of the deed, makes the proof, as a whole, all but conclusive that Kessinger was authorized to deliver the deed in consummation of the exchange which his principal, Rinne, had authorized him to make with Wilson.

Contention is made in behalf of appellant that the trial court erred in awarding Wilson recovery of the $133.30 and in making the same a lien upon the Kitsap county land. As already stated we think the evidence clearly warranted the trial court in concluding that Rinne had actually received this money from Foster when it should have been paid to Wilson. We are of the opinion, however, that the trial court erred in decreeing the $133.30 judgment against Rinne and in favor of Wilson a specific lien upon the Kitsap county land. Of course it may become a lien upon that land as a general judgment, but that is another matter.

We conclude that the judgment should be affirmed in so far as it denies to appellant Rinne the relief prayed for by him. It is so ordered. We also conclude that the judgment should be reversed in so far as it awards to Wilson a lien upon the Kitsap county land for the $133.30 recovery awarded him against Rinne. To the end that Wilson's recovery be made plain upon the records of the superior court, we direct that court to enter a simple money judgment against Rinne and in favor of Wilson for the sum of $133.30 with interest thereon from January 1, 1917, which is, in any event, as late a date as Wilson was entitled to be paid that amount by Rinne. In view of this disposition of the

cause, we are of the opinion that no costs in this court should be awarded to any of the parties as against the others. It is so ordered.

MAIN, C. J., FULLERTON, TOLMAN, and MITCHELL, JJ., concur.